Harold Frank **WHITE**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 25147.

United States Court of Appeals Fifth Circuit.

Oct. 4, 1968.

Rehearing Denied Nov. 5, 1968.

---

Dominick J. Salfi, Orlando, Fla., for appellant.

Robert B. McGowan, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

PER CURIAM:

On this appeal from the conviction and sentence to two concurrent terms of ten years for violation of 18 U.S.C.A. § 2113 (a) and 18 U.S.C.A. § 2113(b), we conclude that the trial court did not err as to any of the grounds asserted.

While it is true that actual time to be served by one convicted of the violations of these two sections cannot be pyramided so as to exceed the maximum provided under the more severe, Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, this does not invalidate either of two sentences to be served concurrently if within the maximum. See Williamson v. United States, 5 Cir., 265 F.2d 236. In United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210, the Supreme Court said:

"We agree as to the invalidity of § 5601(b) (1) and the reversal of the convictions on Count 1. It is unnecessary, however, to consider the validity of § 5601(b) (4) and the convictions on Count 2 *since the sentences on that count were concurrent with the sentences, not here challenged, which were imposed on Count 3.* United States v. Gainey, 380 U.S. 63, 65 [85 S.Ct. 754, 756, 13 L.Ed.2d 658]; Sinclair v. United States, 279 U.S. 263, 299 [49 S.Ct. 268, 273, 73 L.Ed. 692]."

We have carefully considered each of the other grounds of appeal and find them to be without merit.

The judgment is affirmed.