**Harold Frank WHITE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25147.**

United States Court of Appeals
Fifth Circuit.

Nov. 24, 1969.

Dominick J. Salfi, Orlando, Fla., for appellant.

Robert B. McGowan, Asst. U.S. Atty., Tampa, Fla., for appellee.

Before TUTTLE, COLEMAN and MORGAN, Circuit Judges.

TUTTLE, Circuit Judge:

This case is back before us upon an order of the United States Supreme Court vacating the judgment heretofore entered by us affirming the conviction of the appellant and his sentence to two concurrent terms of 10 years for violation of 18 U.S.C.A. § 2113(a) and 18 U.S.C.A. § 2113(b). Our original opinion appears at 402 F.2d 72.

In our earlier opinion we stated that "we conclude that the trial court did not err as to any of the grounds ·asserted." We then faced the complaint of the appellant that it was improper for the trial court to fix two sentences, although they were to run concurrently, since the Supreme Court has held in Prince v. United States 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed. 2d 370, there could be only one conviction on a charge of violating these two subsections of Section 2113 if 2113(b) was actually violated.

We concluded that this court need not set aside one of the two ten-year concurrent sentences because, as we stated:

"While it is true that actual time to be served by one convicted of the violations of these two sections cannot be pyramided so as to exceed the maximum provided under the more severe, Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, this does not invalidate either of two sentences to be served concurrently if within the maximum. See Williamson v. United States, 5 Cir., 265 F.2d 236. In United States v. Romano, 382 U.S. 136, 86 S.Ct. 279, 15 L.Ed.2d 210, the Supreme Court said:

'We agree as to the invalidity of § 5601(b) (1) and the reversal of the convictions on Count 1. It is unnecessary, however, to consider the validity of § 5601(b) (4) and the convictions on Count 2 since the sentences on that count were concurrent with the sentences, not here challenged, which were imposed on Count 3. United States v. Gainey, 380 U.S. 63, 65 [85 S.Ct. 754, 756, 13 L.Ed.2d 658]; Sinclair v. United States, 279 U.S. 263, 299 [49 S.Ct. 268, 273, 73 L.Ed. 692].'"

The Supreme Court granted certiorari to the appellant from the judgment of this court, and by its judgment, dated June 23, 1969, stated: "The judgment is vacated and the case is remanded to the United States Court of Appeals for the Fifth Circuit for further consideration in light of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, decided this date." 395 U.S. 824, 89 S.Ct. 2138, 23 L.Ed.2d 741.

The Benton case held that what is known as the "concurrent sentence rule," as most widely attributed to the case of Hirabayashi v. United States, 320 U.S. 81, 63 S.Ct. 1375, 87 L.Ed. 1774, no longer has the same validity that this court and others have given to it heretofore. While stating that the "concurrent sentence rule may have some continuing validity as a rule of judicial convenience," the court says it "is sufficient for present purposes to hold that there is no jurisdictional bar to consideration of challenges to multiple convictions, even though concurrent sentences were imposed."

As we view it, this means that this court is required in the present case to consider whether it is justified in simply brushing off the contention by the appellant that one of the two concurrent sentences should be set aside merely because they are to be served concurrently and are within the maximum permissible for either one.

Upon request having been made to counsel for an expression of their views upon the matter, the United States proposes that the case be remanded to the district court for its determination of the

proper sentence, whereas appellant's counsel poses the question to this court whether our affirmance of the conviction was in any way based upon our recognition of the fact that we need not consider one of the convictions if the other was valid.

Our earlier opinion makes it plain that we had considered carefully each of the grounds of appeal as to each count, and found them to be without merit. We, therefore, determine that our affirmance of the judgment on the merits was in no way attributable to our application of the so-called "concurrent sentence" rule.

Having determined this much, we think it appropriate to remand the case to the district court in order that that court may enter a corrected sentence, which will be limited to a single sentence of ten years on whichever of the two counts the trial court determines is the appropriate vehicle for carrying into effect the jury's verdict and the original judgment of the court.

The judgment of this court heretofore entered is vacated and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

Reversed and remanded.