**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thomas Robert Melvin FOY and Lawrence M. Moss, Defendants-Appellants.**

**No. 29352.**

United States Court of Appeals,
Fifth Circuit.

April 5, 1971.

Thomas M. Haas, Mobile, Ala., for defendants-appellants.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Wm. R. Favre, Jr., Asst. U. S. Attys., Mobile, Ala., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and AINSWORTH, Circuit Judges.

PER CURIAM:

Thomas Robert Melvin Foy and Lawrence Monroe Moss were indicted on two counts for bank robbery and armed robbery in violation of 18 U.S.C.A. §§ 2113(a) and 2113(d). The jury returned a verdict of guilty on both counts, and on January 23, 1970, defendant Foy was sentenced to two concurrent terms of 15 years, and defendant Moss was sentenced to two concurrent terms of 17½ years. Defendants now appeal from these convictions.

Subsequent to the conviction and sentencing of defendants in this case our court rendered its opinion in United States v. White, 5 Cir. 1971, 440 F.2d 978. In *White* we held that subsections (a) and (d) of section 2113 did not create separate offenses but rather created different maximum punishments for a single offense. Thus, we found that the imposition of separate penalties under subsections (a) and (d), even if concurrent, was improper even though "the consummated crime under one subsection may well include the lesser or more aggravated offenses under other subsections," so that "a single defendant may theoretically have violated more than one subsection." Where multiple penalties have been imposed, as in the instant case, we held that the proper remedy was "to vacate the sentences and remand for resentencing on one count." In accordance with the decision in *White* we therefore vacate each concurrent sentence and remand the case to the district court for resentencing.

Defendants have raised numerous additional errors which they contend require a new trial. Thus, defendants argue that the trial court erred (1) by limiting the scope of defendants' cross-examination during an in camera hearing on the propriety of certain photographic identifications; (2) by conducting the questioning of prospective jurors on voir dire rather than permitting the questioning to be done by opposing counsel; and (3) by refusing to conduct a broader investigation into defendants'

allegations of jury misconduct. We have carefully considered the briefs and record and find all of these contentions to be without merit.

The sentences of conviction are therefore vacated and the case is remanded to the district court for the resentencing of each defendant on one count.

Vacated and remanded.