440 F.2d 978
 UNITED STATES of America, Planitiff-Appellee,
v.
Harold Frank WHITE, Defendant-Appellant.
No. 29259 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431
F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 19, 1971, Rehearing Denied April 12, 1971.
 
 Merrell, Samuel E. Murrell & Sons, Orlando, Fla., for appellant.
 Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., John L. Briggs, U.S. Atty., Richard J. Mandell, Asst. U.S. Atty., for appellee.
 Before GEWIN, GOLDBERG, and DYER, Circuit Judges.
 GOLDBERG, Circuit Judge:
 
 
 1
 Harold Frank White was indicted in 1967 on two counts: Count 1, knowingly entering a savings and loan association insured by the Federal Deposit Insurance Corporation with intent to commit robbery in violation of 18 U.S.C.A. 2113(a);[1] and Count 2, larceny of $5,760.00 from that savings and loan association in violation of 18 U.S.C.A. 2113(b). The jury was instructed that it could return a verdict of guilty on both counts, and the jury did so. Defendant White was then sentenced to two concurrent terms of 10 years.
 
 
 2
 White filed an appeal from that conviction, arguing (1) that numerous errors were committed during the course of his trial and (2) that the imposition of separate sentences on each count was invalid. In White v. United States, 5 Cir. 1968, 402 F.2d 72, we affirmed the judgment of conviction. After rejecting defendant's allegations of trial errors, we said:
 
 
 3
 'While it is true that actual time to be served by one convicted of the violations of these two sections cannot be pyramided so as to exceed the maximum provided under the more severe, Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, this does not invalidate either of two sentences to be served concurrently if within the maximum. See Williamson v. United States, 5 Cir., 265 F.2d 236.' 402 F.2d at 73.
 
 
 4
 A petition for certiorari to the Supreme Court was granted, and, in White v. United States, 1969, 395 U.S. 824, 89 S.Ct. 2138, 23 L.Ed.2d 741, our decision was vacated and the case was remanded to this court for further consideration in light of Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, wherein it was held that 'there is no jurisdictional bar to consideration of challenges to multiple convictions, even though concurrent sentences were imposed.' Subsequently, we (1) reaffirmed our holding that the trial errors asserted by defendant were without merit and (2) held that out earlier affirmance was not based on the 'concurrent sentence rule' which had been questioned in Benton. Nevertheless, we remanded the case to the district court for a 'corrected sentence,' ordering that court to vacate one of the sentences and impose one 10-year sentence on the count which if felt was the 'appropriate vehicle for carrying into effect the jury's verdict and the original judgment of the court.' White v. United States, 5 Cir. 1969, 419 F.2d 374. On remand the district court imposed one 10-year sentence on Count 1.
 
 
 5
 This case is now before us upon defendant's appeal from the resentencing order of the district court. Defendant raises numerous errors, including (1) those trial errors which we have rejected twice; (2) that no resentencing transcript was made available for appeal; (3) that the new sentence is vague; and (4) that our disposition following the vacation of our judgment was improper.
 
 
 6
 We have carefully examined the first three points raised by defendant and find them all without merit. The trial errors alleged now for the third time have been twice considered and rejected by this court. In White II we pointed out that our affirmance in White I was not based on the 'concurrent sentence rule,' and that 'each of the grounds of appeal as to each count' was 'without merit.' 419 F.2d at 376. Defendant has had his day in court on these issues, and we do not reconsider them here. See Blackwell v. United States, 5 Cir. 1970, 429 F.2d 514.
 
 
 7
 Defendant's second contention-- that he was denied due process of law for the reason that the trial judge refused to direct the court reporter to transcribe the resentencing proceedings-- is now moot. Subsequent to the trial judge's ruling a transcript of the resentencing was made a part of the record on appeal.
 
 
 8
 Finally, we hold that the sentence imposed by the district court, which is reprinted in the margin,[2] is consistent with our remand in White II and sufficiently clear to disclose the intent of the trial court. It was disclosed during the resentencing proceedings that defendant was currently serving time under another conviction for a federal offense. It is obvious that the trial judge intended that the 10-year sentence imposed under Count 1 was to begin to run after defendant had served that other sentence.[3]
 
 
 9
 Defendant's fourth ground of error poses a more serious problem. Relying on Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773, and subsequent decisions in our circuit, White contends that simple resentencing cannot cure convictions under both 2113(a) and 2113(b). Rather defendant argues that in White II we should have ordered a new trial so that a jury could be instructed that it may not convict on both counts.
 
 
 10
 In Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, the Supreme Court held that the various subsections of section 2113 were not designed to establish separate, independent offenses. More specifically, the Court held that where a defendant is charged with unlawful entry under the second subsection of section 2113(a) and robbery under the first subsection of section 2113(a), the lesser offense of entry 'merges into the completed crime if the robbery is consummated.' 352 U.S. at 328, 77 S.Ct. at 407. Thus, separate penalties under both subsections are improper.
 
 
 11
 Following the decision in Prince this court and other courts have held on numerous occasions that the various subsections of sections (a) and (b) and section (d) do not create separate offenses; rather, they create different maximum punishments for a single offense. These subsections simply describe various stages or aggravated forms of the basic crime of stealing property from a federally-insured institution. Since the consummated crime under one subsection may well include the lesser or more aggravated offenses under other subsections a single defendant may theoretically have violated more than one subsection. Where that is so, the imposition of separate penalties under the various subsections of section 2113 is improper, whether done consecutively, e.g., Prince v. United States, supra, or concurrently, e.g., United States Coleman v. United States, 1969, 137 U.S. v. White, 5 Cir. 1971, 436 F.2d 1380; App.D.C. 395, 420 F.2d 616, 626; United States v. McKenzie, 3 Cir. 1969, 414 F.2d 808, cert. denied, Anthony v. United States, 396 U.S. 1019, 90 S.Ct. 586, 24 L.Ed.2d 510; Jones v. United States, 8 Cir. 1968, 396 F.2d 66, cert. denied, 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697; Eakes v. United States, 5 Cir. 1968, 391 F.2d 287; Holland v. United States, 5 Cir. 1967, 384 F.2d 370; Bayless v. United States, 9 Cir. 1965, 347 F.2d 354. In this circuit the proper remedy where multiple penalties have been imposed is to vacate the sentences and remand for resentencing on one count, generally the more aggravated one.[4] United States v. White, supra; Eakes v. United States, supra; Holland v. United States, supra. Relying solely on this line of cases, then, the disposition in White II was correct, for the defendant was convicted and sentenced under both sections (a) and (b), and we ordered resentencing under one or the other of those sections, but not both.
 
 
 12
 Defendant, however, argues that such a disposition is inconsistent with another line of cases beginning with Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. Those cases have held that a single defendant cannot be convicted both of sections (a), (b), or (d), describing various aggravated forms of stealing from a federally-insured institution, and section (c), defining the crime of receiving stolen money. In Milanovich the Supreme Court held that the proper procedure for a reviewing court on direct appeal in such a case is to remand for a new trial, since the jury should have been instructed that it could return a verdict of guilty for either robbery or receiving, but not both. We have of course followed this rule in cases such as United States v. Suel, 5 Cir. 1970, 435 F.2d 1272, Thomas v. United States, 5 Cir. 1969, 418 F.2d 567, and Baker v. United States, 5 Cir. 1966, 357 F.2d 11.
 
 
 13
 On the surface, it would indeed appear that these two lines of cases are in conflict with regard to proper remedial action since both arise under the Federal Bank Robbery Act. The cases, however, are reconcilable. The various subsections of sections (a), (b), and (d) simply describe lesser or more aggravated forms of the same basic offense-- stealing from a federally-insured institution. Multiple convictions rendered against a single defendant under these subsections are not inherently inconsistent, either factually or legally, although cumulative penalties, as a matter of statutory construction, are impermissible. Section (c), on the other hand, is inherently inconsistent with the other sections since it involves the offense of receiving. The Supreme Court in Milanovich found that robbery and receiving are separate, distinct, and incompatible offenses; a single defendant cannot at once take and receive the same stolen money. The two crimes contemplate separate individuals performing entirely different roles. See also Fuller v. United States, 1968, D.C.Cir. 1968, 132 U.S.App.D.C. 264, 407 F.2d 1199, 1223 (en banc), cert. denied, 393 U.S. 1120, 89 S.Ct. 999, 22 L.Ed.2d 125; Milanovich v. United States, 4 Cir. 1960, 275 F.2d 716, 722-723 (Sobeloff, J., dissenting). Multiple convictions under the subsections of sections (a), (b), and (d), or all three, conjointed with section (c), are, therefore, impermissible. This distinction was clearly expressed in the case of Mc-Millen v. United States, supra, 386 F.2d at 37, where the court said:
 
 
 14
 'Conviction for robbery, however, does not require proof of the absence of a weapon. It merely does not require proof of the use of a weapon. One could be indicted and convicted for simple robbery even though the use of a weapon were proved. Such proof would merely be surplusage. This is not a situation of inherent inconsistency such as that which existed in Milanovich v. United States, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), cited by appellant McMillen, where a defendant was sentenced for both larceny of government property and receiving the same property. One cannot at once take and receive the same thing. What is involved here, however, is a lesser offense all elements of which are included in a greater offense.'
 
 
 15
 If there has been a conviction for robbery and receiving the proper remedy is a new trial. Milanovich v. United States, supra. In the instant case the defendant was not convicted of inconsistent offenses requiring such a remedy. He was merely convicted separately of overlapping offenses. In that situation the proper remedy is to vacate the cumulative sentences and remand for resentencing on one count. United States v. White, supra; Eakes v. United States, supra. The disposition in White II, therefore, was clearly correct.
 
 
 16
 The judgment is affirmed.
 
 
 
 [1]
 The Federal Bank Robbery Act reads in relevant particulars as follows:
 '(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or
 Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny--
 Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
 (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or
 Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.
 (c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.
 (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.'
 
 
 [2]
 That sentence reads as follows:
 'IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of TEN (10) YEARS, or until otherwise discharged as provided by law as to Count 1, said sentence to run consecutive to the remainder of the sentence defendant is now serving in Federal Court, defendant to receive credit for the time he has been in custody on this charge.'
 
 
 [3]
 The fact that the written commitment order says 'Federal Court' rather than 'Federal Government' does not render the sentence impermissibly vague. The intended reference to the pending sentence with the federal government is obvious and was made clear at oral pronouncement. See Henley v. Heritage, 5 Cir. 1964, 337 F.2d 847
 
 
 [4]
 In at least one circuit it has been held that, while the imposition of multiple sentences under the Bank Robbery Act is 'technically incorrect,' concurrent sentences not exceeding the maximum for the more aggravated offense do not harm the defendant. McMillen v. United States, 1 Cir. 1967, 386 F.2d 29, 37, cert. denied, 390 U.S. 1031, 88 S.Ct. 1424, 20 L.Ed.2d 288. This court has held, however, that 'a multiplicity of concurrent sentences is prejudicial as impairing a prisoner's opportunity for pardon or parole.' Holland v. United States, supra, 384 F.2d at 371