442 F.2d 1054
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerardo Guzman JASSO, Defendant-Appellant.
No. 30813 Summary Calendar.*
*Rule 18, 5th Cir. See Isbell Enterprise
v.
Citizens Casualty Co. of N.Y., 431 F.2d 409, Part I (5th Cir. 1970).
 United States Court of Appeals, Fifth Circuit.
 May 11, 1971.
 
 George Kazen, court appointed, Laredo, Tex., for appellant.
 Anthony J. P. Farris, U.S. Atty., Edward B. McDonough, Jr., Anthony C. Aguilar, James R. Cough, Asst. U.S. Attys., Houston, Tex. for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 In 1969 Gerardo G. Jasso was indicted and convicted upon a jury trial on three counts involving smuggling of marijuana.[1] After duly perfecting his appeal to this court, but before the appeal was prosecuted, a motion was filed by the government to vacate the judgment and remand the case to the district court for a new trial. The government's confession of error was necessitated, by the intervening decision in Leary v. United States, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969). A subsequent grand jury reindicted Jasso. Count one of this new indicted Jasso. Count conspiracy to violate the provisions of 21 U.S.C.A. 176a proscribing smuggling, transportation and concealment of marijuana. Counts two, three and four, repeated the identical three counts which had been presented in the original indictment. The case proceeded to trial on counts one, two and three of the new indictment. Jasso, convicted of the conspiracy and illegal transportation counts, was sentenced to twelve years imprisonment.
 
 
 2
 In this direct criminal appeal, Jasso contends:
 
 
 3
 1. His conviction of the illegal transportation count must be reversed because the indictment in that cause was completely superseded by the second indictment.
 
 
 4
 2. Under the circumstances of the case it was a violation of due process to re-indict and add a conspiracy charge after the government's motion to vacate the judgment in the original case.
 
 
 5
 3. There was insufficient evidence to show that the marijuana in question was imported into the United States.
 
 
 6
 In the first two of these assignments of error, Jasso's attack centers on his re-indictment and seeks to urge the bar of double jeopardy both as to the repetition of the old counts and the inclusion of the conspiracy count in the new indictment. But whether the repetition of the prior counts in the second indictment negated the prior indictment is of no significance. Reindictment for the same offense by a subsequent grand jury does not involve the bar of double jeopardy-- it descends only after the trial of one of the indictments has terminated in such a way that jeopardy has attached. It does not constitute double jeopardy for a person to be tried a second time for an offense, when his prior conviction for the same offense has been vitiated by reversal on appeal. Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). In the instant case, jeopardy never attached since the confession of error by the government is the equivalent of a reversal. That action destroyed the finality of the first trial.
 
 
 7
 With respect to the inclusion of the conspiracy charge in the second indictment, it should be remembered that conspiracy is a separate and distinct offense. A conspiracy conviction does not require the commission of any completed substantive offense. As has been observed by the Supreme Court: 'Conspiracy is not the commission of the crime which it contemplates, and neither violates nor 'arises under' the statute whose violation is its object.' Braverman v. United States, 317 U.S. 49, 54, 63 S.Ct. 99, 102, 87 L.Ed. 23 (1942). The government could have charged conspiracy at any time within the statutory limitation period without regard to any existing indictment for the other marijuana offenses. An indictment for a new and different crime is clearly not double jeopardy. Matthews v. United States, 407 F.2d 1371 (5th Cir. 1969).
 
 
 8
 Finally, Jasso contends that the evidence, without the Leary-destroyed presumption, was insufficient to support the conviction. We disagree. An examination of the record indicates that there is ample circumstantial evidence to support the jury's finding of guilt. It must be remembered that the evidence is to be viewed in the light most favorable to the government and that the defendant's guilt is for the jury to decide unless the court concludes that the jury must necessarily have had a reasonable doubt. United States v. Warner et al., 441 F.2d 821 (5th Cir. 1971); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971). We cannot conclude that the jury must have had such a doubt.
 
 
 9
 Having considered each point raised on appeal and having tested it against the record and the law, we conclude that they are without merit. We are satisfied that no reversable error exists with respect to this defendant. The conviction is therefore
 
 
 10
 Affirmed.
 
 
 
 [1]
 Count one of the indictment charged smuggling 93 lbs. of marijuana into the United States in violation of 21 U.S.C.A. 176a. Count two charged the unlawful transportation and concealment of the same amount in violation of the same code section. Count three charged a failure to pay the transfer tax imposed by 26 U.S.C.A. 4744(a)(2)