**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Cortez WHITE, Defendant-Appellant.**

No. 71–1687

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 1, 1971.

---

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

494

Irving Silver, Feibelman & Silver, Mobile, Ala., for defendant-appellant.

C. S. White-Spunner, Jr., U. S. Atty., Irwin W. Coleman, Jr., Asst. U. S. Atty., Mobile, Ala., for plaintiff-appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was convicted of (1) robbing a bank in violation of 18 U.S.C.A. § 2113(a), and (2) assaulting and putting in jeopardy the lives of persons by use of a dangerous weapon while committing the bank robbery in violation of 18 U.S.C.A. § 2113(d). He was sentenced to twenty years under the (a) count and to twenty-five years under the (d) count, to run concurrently. On and remanded for the District Court to appeal, we vacated the two sentences enter a single sentence. United States v. White, 5 Cir., 1971, 436 F.2d 1380.

On remand, appellant was resentenced to twenty-five years imprisonment on the conviction under § 2113(d). The sentence on the conviction under § 2113(a) was vacated. See Eakes v. United States, 5 Cir., 1968, 391 F.2d 287. The present appeal is from the judgment resentencing appellant.

■ Appellant argues that the district court committed error in failing to require a new jury trial, rather than merely resentencing him as stated. This contention is without merit. In fact, it was specifically rejected in United States v. White, 5 Cir., 1971, 440 F.2d 978.

■ Appellant also urges that his sentence was too harsh and that we should modify it. In Zaffarano v. Blackwell, 5 Cir., 1967, 383 F.2d 719, 721, we said:

"This Court is without power to modify a sentence which was legally imposed and within the bounds prescribed by statute."

Thus this contention is also without merit.

Affirmed.