**Elwood Calvin BURGER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71-2375

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 24, 1972.

---

i. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).

* ■ Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

Elwood C. Burger, pro se.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Miami, Fla., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Elwood C. Burger was convicted, pursuant to a two-count indictment, of violating 18 U.S.C.A. § 2113(a) and 18 U.S.C.A. § 2113(d). He was sentenced to serve eighteen years on each count, with the sentences to run concurrently.

Section 2113(a) [Bank Robbery] is a lesser included offense of Section 2113(d) [Putting Life in Jeopardy During a Bank Robbery]. Accordingly, "the law in this Circuit is now clear that separate penalties under the various subsections of the Federal Bank Robbery Act are improper, whether imposed consecutively or concurrently." Rose v. United States, 5 Cir., 1971, 448 F.2d 389; United States v. White, 5 Cir., 1971, 440 F.2d 978; United States v. Foy, 5 Cir., 1971, 441 F.2d 398; Eakes v. United States, 5 Cir., 1968, 391 F.2d 287.

 The District Court dismissed the 2255 petition as "completely frivolous."[1] Clearly, it is not. Petitioner's present sentences are illegal and he must be resentenced—on one count only. It is unfortunate that the Trial Court did not request a response from the United States Attorney. The Government has recognized the error in Petitioner's sentences and recommends modification.

Since this case must be remanded, we need not consider Petitioner's other points at this time. The Trial Court declined to conduct an evidentiary hearing on the other issues because, "This Court, having tried the case, is familiar with all of the facts relating to petitioner's trial." Some of the issues do not relate to the trial, but to out-of-court and extra-judicial matters. We express no opinion on whether a plenary hearing is required or appropriate, but on re-consideration, the Trial Judge should bear in mind that such a proceeding is dispensible in a § 2255 case only if "the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief." 28 U.S.C.A. § 2255 (emphasis added). The facts upon which a denial of relief is based must appear from the record, not solely from the recollections of the able Trial Judge. Therefore, the District Court might find it desirable to supplement his Findings of Fact with more specificity in order to afford this Court a more solid basis of review should this case produce another appeal following this remand.

We are confident that on remand the Trial Court will give all of Petitioner's points the deliberate and judicious consideration to which they are entitled. We therefore express no opinion on the merits of the remainder of the case at this time.

Vacated and remanded.

---

1. The District Court also denied a certificate of probable cause—although this is a 2255 proceeding.