**Bobby Joe THOMAS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 71–1938
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 25, 1971.

Rehearing Denied Jan. 31, 1972.

Bobby J. Thomas, pro se.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

William S. Sessions, U. S. Atty., San Antonio, Tex., Seagal V. Wheatley, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Bobby Joe Thomas appeals from an order of the district court denying his motion to vacate his sentence pursuant to 28 U.S.C. § 2255. We affirm.

Thomas was first convicted of all six counts of an indictment charging him with (Counts 1 and 2) two conspiracies to rob a bank, violations of 18 U.S.C. § 371; (Count 3) taking money from a bank by force and intimidation of an employee, a violation of 18 U.S.C. § 2113(a); (Count 4) taking and carrying away money from the bank, a violation of 18 U.S.C. § 2113(b); (Count 5) receiving and possessing money stolen from a bank, a violation of 18 U.S.C. § 2113(c); and (Count 6) putting in jeopardy by use of a pistol the life of an employee while committing a bank robbery, a violation of 18 U.S.C. § 2113(d). The trial court had charged the jury that it could convict the defendants of all six counts. However, the court sentenced Thomas only to concurrent terms of five years on Count 1, five years on Count 2, and 25 years on Count 6. The court assessed no sentences on Counts 3, 4, and 5, treating them as surplusage under Eakes v. United States, 5 Cir. 1968, 391 F.2d 287. On direct appeal this Court reversed and remanded because the trial court failed to instruct the jury that the defendant could be convicted of the robbery or of receiving the proceeds of the robbery, but not both, citing Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773. Thomas v. United States, 5 Cir. 1969, 418 F.2d 567.

Thomas was retried on the same indictment. The government elected to go to the jury on Counts 3, 4, and 6 only. He was found guilty on those three counts and was sentenced on March 12, 1970, to 25 years imprisonment on Count 6, the court treating Counts 3 and 4 as surplusage. This Court affirmed under Local Rule 21. United States v. Thomas, 5 Cir. 1970, 434 F.2d 250.

In his motion to vacate sentence, Thomas contended:

1. That he was placed in double jeopardy by being tried a second time under the same indictment.

2. Alternatively, that Benton v. Maryland, 1969, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, requires his sentence to be reduced because at his first trial he was convicted of the lesser offenses described in 18 U.S.C. § 2113(a) and (b), precluding him from being retried for the more serious offense under § 2113(d).

3. Finally, that he was unlawfully convicted of both § 2113(b) and § 2113(d), and should receive the lesser sentence of the two, citing White v. United States, 5 Cir. 1969, 419 F.2d 374.

The district court denied relief without holding an evidentiary hearing.

■ An individual is not subjected to double jeopardy when tried and convicted a second time on an indictment when his first conviction has been reversed on appeal on procedural grounds. United States v. Ewell, 1966, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627; Forman v. United States, 1960, 361 U.S. 416, 80 S. Ct. 481, 4 L.Ed.2d 412; United States v. Jasso, 5 Cir. 1971, 442 F.2d 1054.

■ Nor did the prisoner's retrial and conviction under § 2113(d), armed robbery, violate his right to be free from double jeopardy. He was convicted at his first trial not only of robbery, but also of armed robbery. Unlike the defendant in Benton v. Maryland, Thomas was not acquitted of the more serious offense at his first trial, convicted of it at his second trial, and burdened with a more severe sentence after the second trial than he had faced following his initial conviction.

Finally, there was no error in sentencing the appellant under § 2113(d) simply because his retrial also resulted in conviction under the less aggravated count for violation of § 2113(b). So long as a defendant is not sentenced to concurrent or consecutive terms for overlapping offenses, it is within the discretion of the trial court to sentence a defendant on "whichever of the counts the trial court determines is the appropriate vehicle for carrying into effect the jury's verdict * * *." White v. United States, 5 Cir. 1969, 419 F.2d 374, 376.

For the reasons stated, the judgment of the district court is affirmed.