**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Santos Marin VASQUEZ, Defendant-**
**Appellant.**

**No. 74–2448**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 21, 1974.

Thomas G. Sharpe, Jr., Brownsville, Tex. (Court appointed), for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

PER CURIAM:

Appellant Santos Marin Vasquez was indicted on four counts: Count I, conspiracy to rob a federally insured bank in violation of 18 U.S.C. §§ 371, 2113; Count II, robbery of a federally insured bank in violation of 18 U.S.C. § 2113(a); Count III, robbery and assault in violation of 18 U.S.C. § 2113(d); and Count IV, forcing a bank employee to accompany him without consent, in violation of 18 U.S.C. § 2113(e). The jury found him guilty on each count. He was sentenced to concurrent sentences of five years imprisonment on the conspiracy count, fifteen years each under subsections (a) and (d) (Counts II and III), and ten years under subsection (e) (Count IV). These sentences were to run concurrently for ᵇfifteen years but consecutively to a five-year sentence imposed in a separate conviction for escaping from federal custody.

Appellant contends that only one offense was committed and that he should have been sentenced for only one violation, the robbery of a federally insured bank. It is not clear from the appellant's brief whether he objects to the multiple sentences or to the multiple counts arising from a single transaction.

■ If the appellant's objection is to the multiple counts arising from a single transaction, the matter is resolved by United States v. White, 440 F.2d 978 (5th Cir. 1971). In *White,* this court held that multiple convictions rendered against a single defendant under the subsections of the federal bank robbery statute are not inherently inconsistent, either actually or legally, unless subsection (c), making it a crime to receive stolen money, is involved. Since appellant was not indicted under subsection (c), there is no problem with convictions of inconsistent offenses.

Appellant's objection to the multiple sentences is meritorious. In fact, the government concedes that the district court erred in imposing multiple sentences and, despite the fact that appellant failed to make a Rule 35 motion to correct the sentence, acknowledges that the sentences should be corrected as plain error.

■■ Sullivan v. United States, 485 F.2d 1352 (5th Cir. 1973), holds that subsections (a), (d), and (e) of section 2113 of the federal bank robbery statute create but a single offense and that separate sentences, whether consecutive or concurrent, under these sections are improper. Therefore, the district court erred in imposing separate sentences under Counts II, III and IV. However, there was no error in sentencing the appellant under Court I, charging a conspiracy. The charge of conspiracy to rob does not merge with the substantive offense of robbery and a defendant may be convicted of both crimes. United States v. Cheers, 439 F.2d 1097 (5th Cir. 1971).

Recognizing that two of the three concurrent sentences under subsections (a), (d), and (e) are improper, this court has two alternative methods of disposition. We could either vacate all three of the sentences imposed under subsections (a), (d), and (e) and remand for resentencing or vacate the sentences under subsections (a) and (e) and leave effective the fifteen-year sentence under subsection (d).

We have chosen the latter option. It is clear that the district court, by having imposed concurrent sentences, intended that the maximum sentence in this case should be fifteen years. *See* Green v. United States, 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961); Sullivan v. United States, 485 F.2d 1352 (5th Cir. 1973). Accordingly, we vacate the sentences imposed under subsections (a) and (e) (Counts II and IV). We affirm the judgment of the district court in all other respects.

Affirmed in part, vacated in part.