Oscar Cornelius GOODMAN,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–3926

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 21, 1975.

Rehearing and Rehearing En Banc
Denied June 2, 1975.

Oscar C. Goodman, pro se.

Charles T. Erion, Asst. U. S. Atty.,
Ronald T. Knight, U. S. Atty., Macon,
Ga., for respondent-appellee.

Before GEWIN, GOLDBERG and
DYER, Circuit Judges.

PER CURIAM:

The district court denied Oscar Cornelius Goodman's motion to vacate sentence pursuant to 28 U.S.C. § 2255, and he appeals. We affirm in part and vacate in part.

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Appellant and two other defendants were convicted by a jury on a two-count indictment charging violations of 18 U.S.C. § 2113(a), bank robbery by force, and 18 U.S.C. § 2113(d), armed bank robbery. He was sentenced to serve twenty years on each count. This court affirmed the convictions on direct appeal. United States v. Brown, 432 F.2d 552 (5th Cir. 1970).

In this § 2255 motion appellant contends that imposition of separate sentences under each count was improper, that members of the petit jury were related to the court, and that one juror was a depositor of the bank which was robbed. The district court denied the motion on the ground that substantially the same issues were raised on prior § 2255 motions.

■ Appellant is clearly entitled to relief on his first contention. Separate penalties under subsections (a) and (d) of § 2113 are improper whether made to run consecutively or concurrently. United States v. Vasquez, 504 F.2d 555 (5th Cir. 1974); Burger v. United States, 454 F.2d 723 (5th Cir. 1972); United States v. Foy, 441 F.2d 398 (5th Cir. 1971); United States v. White, 440 F.2d 978 (5th Cir. 1971), cert. denied, 404 U.S. 839, 92 S.Ct. 129, 30 L.Ed.2d 72. The various subsections of § 2113 were not intended to establish separate, independent offenses, but created a gradation of different maximum punishments for a single offense—stealing property from a federally-insured institution. Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); Sullivan v. United States, 485 F.2d 1352 (5th Cir. 1973); United States v. Foy, *supra*; United States v. White, *supra*. We therefore vacate the sentence imposed under subsection (a) and leave effective the twenty-year sentence under subsection (d). *See* United States v. Vasquez, *supra*; Sullivan v. United States, *supra*.

■ Appellant's allegations regarding the jury, however, lack merit. He claims that relatives of the trial judge were discovered to be on the jury and that the court denied a defense motion to dismiss those jurors. The transcript of the jury selection process belies his allegations. After all peremptory challenges had been exhausted, defense counsel noted that two of the jurors possessed the same surname, Robinson. When asked whether they were related, Mr. Robinson replied, "Her husband is my first cousin." Upon further questioning by the court both jurors said that such a distant familial relationship would have no bearing on their deliberations. Appellant has demonstrated no prejudice stemming from the district court's decision to allow the Robinsons to continue sitting on the jury, and it is clear they were not related to the trial judge. Appellant's allegation concerning the presence of a depositor of the robbed bank on the jury similarly fails. Defense counsel had an opportunity to challenge him but chose not to do so. The fact that a juror is a depositor of the bank in question does not automatically require his disqualification. The issues raised by appellant concerning composition of the jury are therefore unmeritorious and the district court correctly denied relief as to them.

Affirmed in part, vacated in part.