UNITED STATES of America,
Respondent.

v.

Dennis Clyde BENNETT, Petitioner.

No. 71–518–Cr–JLK.

United States District Court,
S. D. Florida.

March 4, 1976.

Robert W. Rust, U. S. Atty., Miami, Fla., for petitioner.

Roxanne A. Joffe, Atlanta, Ga., for respondent.

## ORDER DENYING MOTION TO CORRECT ILLEGAL SENTENCE

JAMES LAWRENCE KING, District Judge.

This cause came on for consideration upon the petitioner's motion to correct illegal sentence. The court, having considered the record and being fully advised in the premises, finds and concludes that the motion should be denied.

Petitioner was convicted by a jury pursuant to a four count indictment of violating the Federal Bank Robbery Act, 18 U.S.C. § 2113(a), (d) and (e) and also 18 U.S.C. § 371, conspiracy to violate the Bank Robbery Act. A sentence was originally imposed of 20 years on count I, (§ 2113(a)), 25 years on count II (§ 2113(d)), 20 years on count III (§ 2113(e)), and 5 years on count IV (§ 371), all sentences to be served concurrently. Thereafter the court on its own motion corrected the sentence, imposing one sentence for the violation of § 2113. The 25 year sentence on count II was allowed to stand, while the sentences imposed for counts I and III were vacated. As count IV referred to the separate offense of conspiracy, that sentence was also allowed to stand. *U. S. v. Vasquez,* 5th Cir. 1974, 504 F.2d 555, 556; *U. S. v. Cheers,* 5th Cir. 1971, 439 F.2d 1097, 1098; *Johnstone v. U. S.,* 5th Cir. 1969, 418 F.2d 1094. Petitioner

moves to correct the sentence on the theory that sentence may only be imposed for subsection (e) of § 2113, because (a) and (d) being less severe, merged into that subsection. It is his contention that the sentence imposed on count II must be vacated and that the already vacated sentence of count III must stand. This argument would leave the petitioner with no sentence whatsoever for his three convictions of § 2113. The court cannot accept petitioner's position.

The Supreme Court has held that the various subsections of § 2113 were not designed to establish separate independent offenses, but rather describe various stages or aggravated forms of the basic crime of stealing property from a federally-insured institution. *Prince v. U. S.*, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370. Since there can be only one offense, the time served by one convicted of violations of § 2113(a) through (e) cannot be pyramided so as to exceed the maximum provided under the subsection providing the more severe sentence, regardless of whether such sentences are imposed concurrently or consecutively. *See e.g. Goodman v. U. S.*, 5th Cir. 1975, 511 F.2d 706, 707; *U. S. v. Vasquez, supra* at 556; *Forrester v. U. S.*, 5th Cir. 1972, 456 F.2d 905, 907; *Thomas v. U. S.*, 5th Cir. 1971, 450 F.2d 317, 318; *Rose v. U. S.*, 5th Cir. 1971, 448 F.2d 389, 390; *U. S. v. White*, 5th Cir. 1971, 440 F.2d 978, 981; *Grant v. U. S.*, 5th Cir. 1970, 424 F.2d 273, 275; *Stephen v. U. S.*, 5th Cir. 1970, 426 F.2d 257, 258; *White v. U. S.*, 5th Cir. 1969, 419 F.2d 374, 375; *Eakes v. U. S.*, 5th Cir. 1968, 391 F.2d 287, 288. Nowhere has it been held that sentence must be imposed on the most severe subsection and no other, but rather sentence is to be imposed on that count which "the trial court determines is the appropriate vehicle for carrying into effect the jury's verdict and the original judgment of the court." *Forrester v. U. S., supra* at 907; *Thomas v. U. S., supra* at 319; *White v. U. S., supra* at 376. That determination has been made.

The sentence shall stand. Therefore, it is

ORDERED and ADJUDGED that the petitioner's motion to correct illegal sentence be and the same is hereby denied.