**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dennis Clyde BENNETT,**
**Defendant-Appellant.**

No. 76–3416
**Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

March 2, 1977.

Rehearing and Rehearing En Banc
Denied April 6, 1977.

---

\* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Dennis Clyde Bennett, pro se.

Robert W. Rust, U. S. Atty., Lloyd G. Bates, Jr., Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before AINSWORTH, MORGAN and GEE, Circuit Judges.

PER CURIAM:

A jury sitting in the United States District Court for the Southern District of Florida convicted defendant Dennis Bennett of violating the Federal Bank Robbery Act, 18 U.S.C. § 2113(a), (d), and (e) and 18 U.S.C. § 371. District Court Judge King sentenced defendant to twenty years for the § 2113(a) violation [Count I of the indictment], to twenty-five years for § 2113(d) [Count II], to twenty years for § 2113(e) [Count III], and to five years for violation of 18 U.S.C. § 371 [Count IV], which renders unlawful a conspiracy to violate the Bank Robbery Act; the court ordered all sentences to be served concurrent-

ly. On November 24, 1971, Judge King, *sua sponte,* issued an order that vacated Counts I and III, which corresponded to the § 2113(a) and (e) violations, and that left in effect the sentences for Counts II and IV, which corresponded to the § 2113(d) and 18 U.S.C. § 371 charges. Judge King vacated sentences imposed for violation of Counts I and II because subsections (a) through (e) of § 2113 do not create separate offenses, but instead constitute a single offense with each subsection providing for a different maximum sentence depending on the severity of the crime. Therefore, by sentencing defendant for each separate count arising out of the § 2113 violation, Judge King had improperly imposed multiple sentences for a single offense. *See Prince v. United States,* 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *United States v. Williamson,* 255 F.2d 512 (5th Cir. 1958), *cert. denied* 358 U.S. 941, 79 S.Ct. 348, 3 L.Ed.2d 349 (1959). Defendant subsequently filed a Motion to Correct Illegal Sentence, arguing that while Judge King was correct in imposing only one sentence for a § 2113 violation, he should have retained the sentence imposed for the § 2113(e) count and vacated the sentence for § 2113(d), as well as for § 2113(a).

Section 2113 provides that:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

*Shall be fined not more than $5,000 or imprisoned not more than twenty years or both.*

.    .    .    .    .

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, *shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.*

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, *shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.*

Obviously, each crime and its corresponding sentence become progressively more severe in the statute, with (a) describing the least severe crime and authorizing the mildest punishment and (e) providing for the harshest punishment. Judge King, however, imposed a twenty-five year sentence for (d) [Count II] and only a twenty year sentence for (e) [Count III], even though (e) describes a severer offense than (d). Defendant contends that under a merger of crimes doctrine, all lesser offenses merge into the greatest offense so that a court may impose sentence only on the latter. Accordingly, defendant argues that because (e) is the most stringent subsection of § 2113, Judge King should have retained the twenty years sentence that he imposed for that offense, vacating instead the count that charged violation of § 2113(d), for which Judge King sentenced him to twenty-five years.

When attempting to determine upon review which sentence should be retained when the district court has improperly imposed several sentences for one violation of § 2113, this court has looked to the intention of the sentencing court and generally presumed that the lower court intended to mete out the maximum sentence. *See Sullivan v. United States,* 485 F.2d 1352 (5th Cir. 1973); *Thomas v. United States,* 450 F.2d 317 (5th Cir. 1971). *Accord Green v. United States,* 365 U.S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). In addition, this court has held that "so long as a defendant is not sentenced to concurrent or consecutive terms for overlapping offenses, it is within the discretion of the trial court to sentence a defendant on 'whichever of the counts [arising out of § 2113 that] the trial court determines is the appropriate vehicle for carrying into effect the jury's verdict . . . .'" *Thomas v. United States,* 450 F.2d 317, 319 (5th Cir. 1971), quoting *White v. United States,* 419 F.2d 374, at 376 (5th Cir. 1969). Finally, in *United States v. Vasquez,* 504 F.2d 555 (5th Cir. 1974), the district court had imposed a fifteen year sentence for violation of § 2113(d), but only a ten year concurrent sentence for defendant's conviction for § 2113(e). While holding that the district court had improperly imposed two sentences for the same offense, this court nevertheless held that the district court, by imposing concurrent sentences, had intended to give the maximum sentence of fifteen years. Accordingly, the panel vacated all but the longest sentence. Likewise, defendant's twenty-five year sentence on Count II of the indictment must stand.

AFFIRMED.