**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10331
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KEITH FIELDS, also known as James Johnson,
also know as Keith Green, also known as Greasie,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas, Dallas Division
District Court No. 3:99-CR-74-2-G

January 2, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Keith Fields appeals his sentence for conspiracy to distribute cocaine in violation of 21 U.S.C. § 841. We modify his sentence, and, as modified, affirm.

Fields was charged in a one-count indictment with conspiracy

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to distribute more than five kilograms of cocaine. Fields pleaded guilty and the district court sentenced him to 108 months' imprisonment, followed by a five year term of supervised release. On appeal, Fields challenges only the five-year supervised release term. Because Fields made no objection in district court to his term of supervised release, we review his present challenge for plain error. *United States v. Meshack*, 225 F.3d 556, 575 (5th Cir. 2000).

A five-year term of supervised release is required in cases involving in excess of five kilograms of cocaine. 21 U.S.C. § 841(b)(1)(B). However, the statutory maximum term for cocaine possession which does not require some showing of drug amounts is three years of supervised release. *See* 18 U.S.C. § 3583(b)(2)(providing for a term of supervised release of "not more than three years"); 21 U.S.C. § 841(b)(1)(C)(providing for a "term of supervised release of at least 3 years"); *United States v. Kelly*, 974 F.2d 22, 24-25 (5th Cir. 1992)(reducing a term of supervised release to three years by harmonizing the three-year minimum in § 841(b)(1)(C) with the three-year maximum in § 3583(b)). In *Apprendi v. New Jersey*, 120 S. Ct. 2348 (2000), the Supreme Court held that any fact, other than a prior conviction, which increases the penalty for a crime, must be submitted to a jury and proved beyond a reasonable doubt. Because the government did not prove quantity beyond a reasonable doubt at the plea or

2

sentencing hearing, we find plain error in Fields's sentence.  *See*

*Meshack*, 225 F.3d at 578.  The government concedes that the term of

supervised release is incorrect and should be adjusted.

Because the only authorized term of supervised release for the

offense of conviction is three years, there is no need for a

remand.  *See United States v. Vasquez*, 504 F.2d 555, 556 (5th Cir.

1974).  We therefore vacate Fields's five-year term of supervised

release and impose a three-year term of supervised release.  As

modified, Fields's sentence is affirmed.

SENTENCE MODIFIED and, as modified, AFFIRMED.