# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2023

Lyle W. Cayce
Clerk

———————

No. 19-10261
Summary Calendar

———————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BLAKE TAYLOR,

*Defendant—Appellant*.

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-231-1

———————

ON REMAND FROM
THE SUPREME COURT OF THE UNITED STATES

Before STEWART, HIGGINSON, and WILSON, *Circuit Judges*.

PER CURIAM:*

Blake Taylor pleaded guilty to one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and one count of using, carrying,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10261

brandishing, and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The district court sentenced him above the guidelines range to a term of 180 months in prison on the robbery count with a consecutive term of 360 months on the firearm count, and this court affirmed the convictions and sentences. *United States v. Taylor*, 844 F. App'x 705, 708-10 (5th Cir. 2021), *vacated*, 142 S. Ct. 2862 (2022). Taylor petitioned the Supreme Court, which granted certiorari, vacated this court's judgment, and remanded for further consideration in light of *United States v. Taylor* (*Justin Taylor*), 142 S. Ct. 2015 (2022). *Taylor v. United States*, 142 S. Ct. 2862 (2022).

On remand, Taylor presses several arguments against classifying his attempted bank robbery conviction as a "crime of violence" under § 924(c)(3)(A) and maintains that he preserved them by filing a motion to dismiss. Because the sole argument presented in that motion concerned § 924(c)(3)(B), which is not at issue here, this position is untenable, and the Government is thus correct that our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Gomez-Valle*, 828 F.3d 324, 328 (5th Cir. 2016). In any event, our consideration of Taylor's arguments leads us to conclude that he shows no error, plain or otherwise.

*Justin Taylor* held that a conviction for attempt to commit robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a), cannot serve as a predicate for conviction under § 924(c) because it does not constitute a "crime of violence" as defined in § 924(c)(3)(A). 142 S. Ct. at 2020-21. To meet that definition, an offense must necessarily require proof, as an element of the offense, of the use, attempted use, or threatened use of force. *Id.* at 2020. The only conduct required to support conviction for attempted Hobbs Act robbery is a substantial step toward completing such a robbery—an element that *Justin Taylor* determined encompasses conduct beyond the scope of § 924(c)(3)(A). *Id.* at 2020-21.

2

No. 19-10261

Some attempt offenses are defined in the same way as attempted Hobbs Act robbery. *See United States v. Resendiz-Ponce*, 549 U.S. 102, 106-07 (2007). In this circuit, attempted bank robbery is not one of them. This court has instead held that § 2113(a) defines attempted and completed bank robbery as forms of a single offense that necessarily involves the actual use of force or intimidation. *See United States v. Bellew*, 369 F.3d 450, 454 (5th Cir. 2004). Further, we have held that this offense constitutes a crime of violence as defined in § 924(c)(3)(A) and elsewhere because even its least culpable form "must involve at least an implicit threat to use force." *United States v. Brewer*, 848 F.3d 711, 716 (5th Cir. 2017); *see United States v. Pervis*, 937 F.3d 546, 552-53 (5th Cir. 2019).

Under this court's rule of orderliness, panels are bound by circuit precedent in the absence of an intervening change in the law such as a "contrary or superseding decision by this court sitting en banc or by the United States Supreme Court." *United States v. Setser*, 607 F.3d 128, 131 (5th Cir. 2010) (internal quotation marks and citation omitted). To qualify as an intervening change in the law, a decision must "unequivocally overrule prior precedent; mere illumination of a case is insufficient." *United States v. Petras*, 879 F.3d 155, 164 (5th Cir. 2018) (internal quotation marks and citations omitted).

Taylor does not argue that *Bellew*, *Brewer*, or *Pervis* have been overruled, urging instead that aspects of *Justin Taylor*'s reasoning are instructive here. For instance, he suggests this court should adopt a definition of attempted bank robbery that parallels the definition of attempted Hobbs Act robbery used in *Justin Taylor*. Even if we were to credit such arguments, we would not be justified in accepting them as a sufficient basis for disregarding our precedent. *See Petras*, 879 F.3d at 164; *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 377-78 (5th Cir. 2008).

No. 19-10261

The remaining contentions that Taylor advances do not rely on *Justin Taylor* at all. First, he argues that the two paragraphs of § 2113(a) are indivisible—a theory this court rejected in *United States v. Butler*, 949 F.3d 230, 234-36 (5th Cir. 2020). Second, Taylor contends that convictions under § 2113(a) and (d) do not qualify as crimes of violence. We have long held that violation of § 2113(a) is a lesser-included offense of a § 2113(d) violation. *See Burger v. United States*, 454 F.2d 723, 724 (5th Cir. 1972) (per curiam). Thus, as Taylor's arguments against classifying § 2113(a) robbery as a crime of violence are unavailing, this argument must fail as well.

For these reasons, Taylor fails to show that the district court erred by viewing his conviction under § 2113(a) and (d) as a crime of violence for the purpose of § 924(c). He does not suggest that *Justin Taylor* provides any basis for questioning our prior analysis of the remaining issues in this appeal, and we discern none. *See Taylor*, 844 F. App'x 708-10. Accordingly, we again AFFIRM the judgment of the district court.