James CLARK, Appellant,

v.

UNITED STATES of America, Appellee.

No. 6354.

United States Court of Appeals Tenth Circuit.

June 24, 1960.

---

James Clark on brief for appellant.

Erwin A. Cook, Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., was with him on brief), for appellee.

Before MURRAH, Chief Judge, and PHILLIPS and BREITENSTEIN, Circuit Judges.

MURRAH, Chief Judge.

This is an appeal from a judgment of the District Court of the Western District of Oklahoma, denying petitioner's second successive motion under Section 2255, 28 U.S.C., to vacate a sentence and judgment on an indictment containing two counts, the first of which charged the robbery of a national bank by putting lives in jeopardy in violation of Title 12 U.S.C. § 588(b), now 18 U.S.C. § 2113(d); and the second of which charged the kidnapping of certain named

individuals to avoid apprehension for the commission of the robbery, in violation of Section 588c, now 18 U.S.C. § 2113(e). The contention is that for sentencing purposes, the federal bank robbery act (18 U.S.C. § 2113) states but a single offense upon which only a single sentence may be imposed, and that the court therefore exhausted its sentencing power when it imposed a valid alternative sentence of 20 years on the first count of the indictment, and was thereafter powerless to impose a concurrent sentence of 99 years on the second or kidnapping count of the indictment.

In the former case (Clark v. United States, 10 Cir., 184 F.2d 952), we held, following Ward v. United States, 10 Cir., 183 F.2d 270, and earlier cases, that Section 588c, now Section 2113(e), defined separate and distinct offenses from Section 588b, now 2113(d), for which separate and successive sentences were authorized. We took the alternative view, however, that even though the crime of aggravated robbery defined in Subsection b became merged in the greater crime of kidnapping to avoid apprehension defined in Subsection c, the sentence imposed under Subsection c was nevertheless valid, and the imposition of the lesser sentence under Subsection b, to run concurrently, was not reversibly prejudicial. And see also Purdom v. United States, 10 Cir., 249 F.2d 822.

On this appeal we are asked to re-examine our holding and reasoning in the light of Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, and Heflin v. United States, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. The Prince case involved consecutive sentences on a two-count indictment charging aggravated robbery of a federally insured bank as defined in 12 U.S.C. § 588b (§ 2(b) of the Act of May 18, 1934, 48 Stat. 783) now § 2113(d), 18 U.S.C. The second count charged entry of a bank with intent to commit a felony in violation of Section 588b(a), as amended by the Act of August 24, 1937, 50 Stat. 749, now § 2113(a), 18 U.S.C. On motion to vacate, the court held that the lesser crime of entering the bank with felonious intent became merged or incorporated in the greater crime of aggravated robbery upon consummation of the latter, for which the maximum punishment was 25 years, as provided in Section 2113(d). The successive 15-year penalty for unlawful entry was accordingly vacated.

Heflin involved a three-count indictment, first, charging robbery by force and violence and jeopardizing lives in the course of taking in violation of Section 2113(d); as in Prince; second, receiving the stolen property in violation of Section 2113(c); and third, conspiring to violate the Act. The court held that the separate and consecutive sentence under 18 U.S.C. § 2113(c) for receiving the stolen property was invalid, since that Subsection "was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber." That Congress was "trying to reach a new group of wrongdoers, not to multiply the offense of the bank robbers themselves." As thus interpreted, the 1937 Amendment to Section 2(a) of the 1934 Act was designed to create a separate offense with intent as the "heart of the crime", but became merged in the greater offense of robbery if and when consummated; whereas, the 1940 Amendment, Subsection c (now d), was designed to create a separate offense for those parties who received the loot from the robber, with no additional penalties to the robber.

■■ The kidnapping statute, Subsection 2113(e), stands upon somewhat different legislative footing. As Section 3 of the original Act of May 18, 1934, it was undoubtedly designed to provide a more severe penalty (minimum of 10 years and a maximum of death if the jury so directs) for the bank robber who kidnaps to avoid apprehension for the commission of the offense of robbery, or to free or attempt to free himself from arrest or confinement for such offense. As we pointed out in Ward v. United States, [183 F.2d 272] supra, "§ 3 embraces as elements of the offenses de-

fined therein, criminal acts which are in addition to and are separate and distinct from the elements of the offenses defined in § 2 [Subsections (a) and (b) of the Act of May 18, 1934, 48 Stat. 783, as amended by the Act of August 24, 1937, Subsection (a), 50 Stat. 749] and which may occur after an offense defined in § 2 has been fully consummated, even after arrest or confinement for such offense." And, the same may be said with respect to the offense of receiving and concealing under Subsection c. But the important distinction is that unlike Subsection c, Subsection e was not intended to reach additional wrongdoers, but to create a separate, distinct and more serious offense for which an additional and more severe penalty was authorized.

 Despite very respectable authority to the contrary, i. e., United States v. Drake, 7 Cir., 250 F.2d 216, 217, we do not think that Prince and Heflin construe Section 2113 as creating but a "single offense with various degrees of aggravation permitting sentences of increasing severity." Rather, we think there is yet room for our expressed view that the crime of kidnapping to avoid apprehension is separate and distinct from the crime of robbery, and that the two offenses are consequently punishable by the imposition of separate and distinct authorized sentences. We can discern no Congressional purpose to provide but a single penalty for these two separate and distinct offenses. By providing for a minimum of 10 years and a maximum of death, if the jury so directs, we think Congress evidenced a purpose to treat this aggravated offense separate and apart from the other offenses in the Act.

But even though we accept Drake's construction of Section 2113 in the light of Prince, to the effect that all of the lesser offenses defined in the Section become merged in the greater offenses as and when consummated, it does not follow, as Drake seems to suggest, that the imposition of an authorized penalty for one of the lesser offenses pro tanto deprives the court of power and authority to impose an authorized sentence for the greater offense in excess of the sentence imposed for the lesser offense. We adhere to the view, expressed in Ward, to the effect that the sentence of 99 years imposed for kidnapping was valid, and assuming, but not deciding, that the petitioner here should not have been sentenced for bank robbery for a lesser term, he was not prejudiced by such lesser concurrent sentence.

The judgment is affirmed.