**James Millard JONES, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18981.**

United States Court of Appeals
Eighth Circuit.

May 31, 1968.

Rehearing Denied July 16, 1968.

F. James Bradley, Cedar Rapids, Iowa, for appellant.

Asher E. Schroeder, U. S. Atty., Sioux City, Iowa, for appellee.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and LAY, Circuit Judges.

VAN OOSTERHOUT, Chief Judge.

This is a timely appeal in forma pauperis by the defendant, James Millard Jones, from a jury verdict of guilty and the resulting sentence on each count of a four count indictment, charging respectively violations of 18 U.S.C.A. § 2113 (a), (b), (d) and (e), all arising out of the robbery of the Urbana Savings Bank, Urbana, Iowa, on January 19, 1967. Concurrent sentences were imposed as follows: Count I, fifteen years; Count II, seven years; Count III, twenty years and Count IV, fifty years.

Inasmuch as the sentences on Counts I, II and III are vacated for reasons hereinafter set out, we are directly concerned only with the validity of the conviction on Count IV. Such count charges that the defendant while committing the acts charged in Counts I and II, in violation of 18 U.S.C.A. § 2113(a) and (b) respectively, did force Mrs. Bonnie Richart to accompany him without the consent of Mrs. Bonnie Richart from the Urbana Savings Bank, Urbana, Iowa, to Waterloo, Iowa, in violation of 18 U.S.C. § 2113(e). Counts I and II are made a part of Count IV by reference.

Defendant upon this appeal does not challenge the sufficiency of the evidence to support his conviction upon any count. Our examination of the record satisfies us that there is ample evidence to support a conviction upon each count. No purpose will be served by discussing the evidence in detail.

Defendant's assignment of errors relied upon for reversal are summarized as follows:

I. Instruction No. 7 fails to define certain terms, fails to set out the essential elements of the crime charged, and varies from the crime charged.

II. Counts I, III and IV are defective because they vary materially from the statutory language and they are also duplicitous.

III. The court commented on defendant's right not to testify absent a request from the defendant for such instruction.

IV. The court failed to give sua sponte a cautionary instruction concerning the use of defendant's admissions.

V. The court failed to give a requested instruction on the credibility of informers.

VI. The court erred in pronouncing separate sentences on each count.

VII. The sentence on Count IV is excessive.

A careful study of the record satisfies us that defendant has failed to establish that the court has committed any prejudicial error. The errors urged will be discussed in the order hereinabove set out.

### I to IV.

The first four points raised by defendant will be considered together for the reason that none of the questions raised in such points were raised in the trial court in any manner. Rule 30, Fed. R.Crim.P., provides in part: "No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

In Petschl v. United States, 8 Cir., 369 F.2d 769, 773, we held:

"The proper foundation for establishing a basis for questioning the applicable law as stated by the court in its instructions is by request for instruction or exceptions to instructions given. Absent such foundation, asserted errors in instructions are not entitled to consideration upon appeal absent a Rule 52(b) plain error situation."

With respect to the applicability of the Rule 52 plain error rule, we said:

"The Rules of Criminal Procedure provide a fair and orderly plan for the

administration of criminal justice and ordinarily the rules therein set forth for the preservation of error for review should be observed. We have frequently held that resort to the plain error rule is appropriate only in exceptional cases where such course is necessary to prevent a miscarriage of justice."

■ We have carefully considered the instructions as a whole and are satisfied that they fairly set out the essential elements of the offenses charged. We are convinced that none of the errors directed to the instructions reach the status of recognizable plain error. If defendant desires elaboration of the instructions given, appropriate request for additional instructions or exceptions should have been taken to the instructions given.

■ Defendant's attack upon the indictment lacks merit. The indictment adequately informs the defendant of the offenses charged. Absent unusual circumstances, the sufficiency of an indictment is not open to collateral attack. Smith v. United States, 8 Cir., 356 F.2d 868, 872.

The asserted errors covered by points I to IV fall far short of affording a basis for determination that the asserted errors lead to a miscarriage of justice.

### V.

■ Defendant made an oral request that the jury be instructed that there had been certain testimony given by informers and that the jury be instructed as to the weight and credibility to be placed upon such testimony. The court denied such instruction, citing the Seventh Circuit Manual on Jury Instructions, 33 F.R.D. 525, 579–580. The court held that there is no evidence to establish that the so-called informers received pay, immunity from punishment, personal advantage or vindication. No abuse of discretion or prejudicial error was committed in refusing the requested instruction.

Rote and Murray, prisoners in the jail where defendant was confined, each testified that defendant made voluntary statements while in jail implicating him in the crime here charged. Neither witness had any contact relating to this case with anyone representing the government prior to their hearing of the admissions. As found by the trial court, there is a complete absence of any evidence of any pay or promise of any kind made to the witnesses in return for their testimony. Such witnesses do not appear to fall in the category of informers as such term is usually used. They merely happened to be at the place where defendant was incarcerated at a time he chose to make a voluntary statement.

■ Whether an informer instruction should be given rests largely in the discretion of the trial court. United States v. Hoffa, 6 Cir., 349 F.2d 20, 52; Siglar v. United States, 5 Cir., 208 F.2d 865, 867.

■ The presence of substantial independent evidence in support of defendant's guilt is a factor entitled to considerable weight in determining whether the court abused its discretion in refusing an informer instruction. See United States v. Hoffa, supra; Todd v. United States, 10 Cir., 345 F.2d 299, 301; Young v. United States, 9 Cir., 297 F.2d 593, 594. There is substantial evidence apart from that of Rote and Murray which clearly points to the defendant as a perpetrator of the crime charged.

The court gave broad instructions with respect to determining the credibility of witnesses and specifically included one to the effect that conviction of a felony can be considered in determining a witness's credibility.

### VI.

The trial court gave defendant concurrent sentences on each of the four counts upon which he was convicted. As previously stated, each count is based upon a subdivision of the bank robbery statute, 18 U.S.C.A. § 2113. Defendant urges that only a single sentence shall

be pronounced in event of multiple convictions under the various subsections of the statute and that the court committed error in sentencing defendant on each of the four counts.

■ It is now well-established law that 18 U.S.C.A. § 2113 prohibits the imposition of more than one sentence for violations of its several provisions. Green v. United States, 365 U.S. 301, 306, 81 S.Ct. 653, 5 L.Ed.2d 670; Heflin v. United States, 358 U.S. 415, 419–420, 79 S.Ct. 451, 3 L.Ed.2d 407; Prince v. United States, 352 U.S. 322, 329, 77 S.Ct. 403, 1 L.Ed.2d 370; Sawyer v. United States, 8 Cir., 312 F.2d 24, 27, 29.

We believe that it is clear in our present case, as was the situation in Green v. United States, supra, that "the intention of the district judge was to impose the maximum sentence * * * for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment." 365 U.S. 301, 306, 81 S.Ct. 653, 656.

■ Sawyer v. United States, supra, and cases there cited, lend full support to the view that the convictions on the more aggravated offense included in § 2113 and the one authorizing the heaviest penalty should stand. It follows that the sentence of fifty years imposed on Count IV is a valid sentence and the conviction and sentence on Count IV should be affirmed. The sentences imposed on Counts I, II and III are vacated.

## VII.

Defendant's final contention is that the fifty-year sentence imposed is excessive under all the circumstances and should be reduced. Such contention lacks merit. Congress has by § 2113(e) fixed the penalty for the Count IV violation at not less than ten years imprisonment or by death if the verdict of the jury so directs.

■ The sentence here imposed is within the limits allowed by statute. This court has uniformly held that it has no power to disturb a sentence imposed which is within statutory limits. Heath v. United States, 8 Cir., 375 F.2d 521, 523; Smith v. United States, supra; Lipscomb v. United States, 8 Cir., 273 F.2d 860, 865. See Blockburger v. United States, 284 U.S. 299, 305, 52 S.Ct. 180, 76 L.Ed. 306. We adhere to such view.

No constitutional attack has been made upon the statute imposing the penalty. The holding in United States v. Jackson, 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138, would not support the upsetting of the prison sentence authorized by § 2113(e). There is no specific claim that the punishment imposed violates the constitutional prohibition against cruel and inhuman punishment. Such attack would be of no help to defendant. The charge of bank robbery aggravated by kidnapping is a serious one. The legislative determination as to permissible penalty is entitled to great weight. A much stronger showing than here made would be required to support a determination that the sentence imposed violates defendant's constitutional rights. See McWilliams v. United States, 8 Cir., 394 F.2d 41.

We have carefully examined the record and conclude that defendant has had in all respects a fair trial. No prejudicial error has been committed. The fifty-year sentence imposed on Count IV is a valid sentence and the conviction and sentence imposed upon Count IV is upheld and affirmed. The sentences imposed on Counts I, II and III are vacated.