**UNITED STATES of America, Appellee,**

v.

**Harry Duane SHEETS, Appellant.**

**No. 20453.**

United States Court of Appeals, Eighth Circuit.

June 8, 1971.

------◆------

Richard J. Bruckner, Omaha, Neb., made argument for appellant.

Richard A. Dier, U. S. Atty., Dilworth A. Nebker, John A. Gale, Asst. U. S. Attys., Omaha, Neb., made argument for appellee.

Before ALDRICH,* LAY and BRIGHT, Circuit Judges.

------

\* Of the First Circuit, sitting by designation.

1. Defendant also claims he was denied the right of confrontation of witnesses by the testimony of an employee of the Securities and Exchange Commission that he began his investigation of Sheets due to the receipt of letters from the Securities Commissioner in the State of Nebraska and an investor. No objection was made to this testimony at the time. Notwithstanding this deficiency of the record, it cannot be said that the testimony was in any way prejudicial nor does it rise to a constitutional infirmity as defendant suggests. The testimony contained "no express assertion about past fact" which

## PER CURIAM.

The defendant, Harry Duane Sheets, appeals his conviction on six counts of securities fraud under 15 U.S.C.A. §§ 77q(a) and 77x, two counts of mail fraud in violation of 18 U.S.C.A. § 1341 and one count of conspiracy to violate the above statutes under 18 U.S.C.A. § 371. He received a two year sentence of imprisonment on each of the six counts of securities fraud, the sentences to run concurrently, and an additional two year concurrent sentence on each of the other counts. The latter sentence, which is to run consecutive to the sentence under the securities counts, was suspended and the defendant placed on probation for three years on the expiration of the sentence under the first six counts.

Defendant primarily attacks the sufficiency of the evidence to sustain his conviction under the various counts.[1] Sheets was convicted of defrauding several investors by selling to them fractional working interests in oil wells located in the State of Nebraska. He formed the Mid-Continent Oil Company and employed salesmen to solicit monies for drilling wells on the various leases. A total of $178,329.12 was invested in these fractional interests from August 1965 thru July 1967. Meager royalty payments from only one well were ever returned to the investors. The defendant sold substantial interests in two wells which were never drilled. The defendant and his salesmen generally represented that drilling in these

in any way incriminated the defendant. Dutton v. Evans, 400 U.S. 74, 88, 91 S.Ct. 210, 219, 27 L.Ed.2d 213 (1970). Sheets' other complaint is that he was denied due process since his co-defendant, one of his salesmen charged as a co-conspirator, received only probation in contrast to his sentence of imprisonment. Disparity of sentence between two defendants, absent a showing of abuse of discretion, is not a proper ground for appellate review. De-Rosier v. United States, 407 F.2d 959 (8 Cir. 1969) ; Jones v. United States, 396 F.2d 66 (8 Cir. 1968) cert. denied 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969).

wells would commence immediately although the money previously invested to drill these wells had already been fully dissipated thus making further operations impossible. The record is replete with misrepresentations and "lulling" of investors by the defendant and his salesmen in the promotion of the drilling leases. In review of the entire record we are satisfied there is sufficient evidence to sustain a conviction under each of the counts. See United States v. Porter, 441 F.2d 1204 (8 Cir., filed April 29, 1971), United States v. Prionas, 438 F. 2d 1049 (8 Cir. 1971).

Judgment affirmed.