Donald Lee **FORRESTER**, Petitioner-Appellant,

v.

**UNITED STATES** of America, Respondent-Appellee.

No. 71-2569

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Jan. 5, 1972.

Rehearing Denied Feb. 25, 1972.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Donald L. Forrester, pro se.

William J. Schloth, U. S. Atty., Charles T. Erion, Asst. U. S. Atty., Macon, Ga., for respondent-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM:

Donald Lee Forrester, proceeding pro se, filed a motion in the district court to vacate a sentence [1] rendered upon his convictions for violations of the Federal Bank Robbery Act, 18 U.S.C. § 2113. The court below held that he was entitled to no relief. We agree and affirm.

After trial by jury, Forrester was convicted of taking money from a federally insured bank by force and intimidation of one of its employees, a violation of 18 U.S.C. § 2113(a); assaulting certain bank employees by the use of a dangerous weapon while committing the bank robbery, a violation of 18 U.S.C. § 2113(d); and avoiding or attempting to avoid apprehension for the commission of the above-mentioned offenses by forcing a bank employee to accompany him without consent, in violation of 18 U.S. C. § 2113(e).[2] Following the dictates of Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370, and its progeny, the trial court sentenced him to serve fifty years under § 2113(e); and treating his convictions under §§ 2113(a) and 2113(d) as surplusage, imposed no sentences thereon.

The basic issue involved in these proceedings, and to which all of the appellant's contentions are directed, is whether separate convictions under subsections (a), (d), and (e) of § 2113 are invalid, as are separate punishments under those sections of the statute. First, Forrester contends that at his original trial, the court should have instructed the jury that a verdict of guilty could have been returned on any one of the counts in the indictment, but not on all. He cites Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 and Thomas v. United States, 5 Cir. 1969, 418 F.2d 567, as authority for this proposition. But Forrester's reliance on Milanovich and Thomas is misplaced. Those decisions held that a defendant cannot be found guilty of both bank robbery [§ 2113(a) and (b)] and receiving the proceeds of the robbery [§ 2113(c)]. The rationale, however, was not that there is any special aspect of the federal bank robbery statute which rules out multiple indictments and convictions on more than one count. The principle underlying Milanovich and Thomas is far more limited, and bars conviction only for some combination of a count under subsection (c) and a count under subsection (a), (b), or (d). As we stated in United States v. White, 5 Cir. 1971, 440 F.2d 978, 982,

"* * * The various subsections of sections (a), (b), and (d) simply describe lesser or more aggravated forms of the same basic offense—stealing from a federally-insured institution. Multiple convictions rendered against a single defendant under these subsections are not inherently inconsistent, either factually or legally, although cumulative penalties, as a matter of statutory construction, are impermissible. Section (c), on the other hand, is inherently inconsistent with the other sections since it involves the offense of receiving. The Supreme Court in Milanovich found that robbery and receiving are separate, distinct, and incompatible offenses; a single defendant cannot at once

---

1. 28 U.S.C. § 2255.

2. The appellant was also convicted of using a firearm in the commission of the bank robbery, 18 U.S.C. § 924(c), but he has not sought to challenge that conviction in these proceedings.

take and receive the same stolen money. The two crimes contemplate separate individuals performing entirely different roles."

See also Matlock v. United States, W.D. Tenn.1970, 309 F.Supp. 398, 401. Because there is no inconsistency between conviction under § 2113(a) [robbery], § 2113(d) [assault with dangerous weapon in course of robbery], and § 2113(e) [killing or forcing any person to accompany in course of committing or avoiding apprehension for robbery], Forrester's appeal based on *Milanovich* and *Thomas* has no merit.

Forrester also argues that the trial court erred when it treated the jury's verdicts of guilty upon the counts charging violations of § 2113(a) and (d) as surplusage, and sentenced him only upon his conviction on the count charging a violation of § 2113(e). He reasons that his convictions under (a) and (d) were constructively set aside by that action, and argues that proof of one of these violations was an essential element to his conviction under (e). He concludes that his sentence and conviction under the latter subsection are therefore void.

■ This contention lacks merit since it is based on the false assumption that the court's failure to sentence him under § 2113(a) and (d) amounted to a constructive acquittal of those counts. By sentencing Forrester under § 2113(e) only, the trial court was merely complying with the plethora of cases prohibiting the pyramiding of sentences for overlapping offenses under 18 U.S.C. § 2113. As this Court recently held in Thomas v. United States, 5 Cir. 1971, 450 F.2d 317, "[s]o long as a defendant is not sentenced to concurrent or consecutive terms for overlapping offenses, it is within the discretion of the trial court to sentence a defendant on 'whichever of the counts the trial court determines is the appropriate vehicle for carrying into effect the jury's verdict  .  .  .  .'

White v. United States, 5 Cir. 1969, 419 F.2d 374, 376."

Accordingly, the judgment appealed from is affirmed.

## ON PETITION FOR REHEARING

### PER CURIAM:

Forrester raises two contentions on this petition for rehearing. Neither contention persuades us that we must reverse our decision affirming the district court's denial, without an evidentiary hearing, of Forrester's motion to set aside and vacate his sentence under 28 U.S.C. § 2255.

■ First, Forrester objects to the failure of the district court to provide him with an evidentiary hearing on his § 2255 motion. § 2255 itself provides that a hearing and findings of fact and conclusions of law are not necessary if "  .  .  .  the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief". Forrester's motion raised no questions of fact, but only an issue of law which could be decided without prejudice to Forrester in the absence of an evidentiary hearing. See Tillis v. United States, 5 Cir. 1971, 449 F.2d 224; Streator v. United States, 5 Cir. 1968, 395 F.2d 661; Cardarella v. United States, 8 Cir. 1967, 375 F.2d 222.

■ Second, Forrester argues that we failed to consider his contention that the acts he committed did not constitute a violation of 18 U.S.C. § 2113(e). This contention questions only the sufficiency of the evidence to sustain Forrester's conviction, and is not a contention cognizable on a collateral motion under § 2255. Kelly v. United States, 5 Cir. 1965, 350 F.2d 398. The contention should have been, and was raised on direct appeal. United States v. Forrester, 5 Cir. 1970, 434 F.2d 69.

The petition for rehearing is denied.