Richard M. SULLIVAN, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 73-1539

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Oct. 10, 1973.

Timothy J. Armstrong, Miami, Fla., (Court-Appointed.), for petitioner-appellant.

Robert W. Rust, U. S. Atty., Carol M. Anderson, Asst. U. S. Atty., Miami, Fla., for respondent-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Appellant Richard Michael Sullivan was convicted of taking money from a federally insured bank by force and intimidation of one of its employees, in violation of 18 U.S.C.A. § 2113(a), and avoiding or attempting to avoid apprehension by forcing a bank employee to accompany him without consent, in violation of 18 U.S.C.A. § 2113(e). He was sentenced to concurrent sentences of sixteen years imprisonment under subsection (a) and twenty years imprisonment under subsection (e). This Court affirmed his convictions on direct appeal, but did not consider the propriety of the sentences. United States v. Sullivan, 456 F.2d 1273 (5th Cir. 1972).

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

Sullivan now brings this Section 2255 motion, contending that the District Court erred when it imposed separate, concurrent sentences. The District Court, in a lengthy opinion, denied the motion, reasoning that Congress intended to create two separate offenses when it enacted subsections (a) and (e). We reverse, holding that subsection (e) of the federal bank robbery statute, 18 U.S.C.A. § 2113(e), cannot be the basis of a separate sentence.

The federal bank robbery statute states:

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or

Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both.

(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, credit union, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker.

(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both.

(e) Whoever, in committing any offense defined in this section, or in avoiding or attempting to avoid apprehension for the commission of such offense, or in freeing himself or attempting to free himself from arrest or confinement for such offense, kills any person, or forces any person to accompany him without the consent of such person, shall be imprisoned not less than ten years, or punished by death if the verdict of the jury shall so direct.

\*    \*    \*    \*    \*    \*

18 U.S.C.A. § 2113(a)–(e).

██ This Circuit has consistently held that subsections (a) through (d) of Section 2113 create but a single offense, with various degrees of aggravation permitting sentences of increasing severity. *See, e. g.,* United States v. Davila-Nater, 474 F.2d 270 (5th Cir. 1973); Burger v. United States, 454 F.2d 723 (5th Cir. 1972); Rose v. United States, 448 F.2d 389 (5th Cir. 1971); United States v. White, 440 F.2d 978 (5th Cir.), cert. de-

nied 404 U.S. 839, 92 S.Ct. 129, 30 L. Ed.2d 72 (1971). Accord, United States v. Hopkins, 150 U.S.App.D.C. 307, 464 F.2d 816 (1972); Walters v. Harris, 460 F.2d 988 (4th Cir. 1972), cert. denied, 409 U.S. 1129, 93 S.Ct. 947, 35 L.Ed.2d 262; United States v. Welty, 426 F.2d 615 (3d Cir. 1970). Hence, "[s]eparate penalties under the various sections of the Federal Bank Robbery statute are improper, whether imposed consecutively or concurrently." United States v. Davila-Nater, *supra*, at 273 of 474 F.2d.

The question presented by this case, whether the "single offense" rule also includes subsection (e), has been resolved differently by various Circuits. In Jones v. United States, 396 F.2d 66 (8th Cir. 1968), cert. denied, 393 U.S. 1057, 89 S.Ct. 695, 21 L.Ed.2d 697 (1969); United States v. Drake, 250 F. 2d 216 (7th Cir. 1957), the Eighth and Seventh Circuits, respectively, held that Section 2113 prohibits the imposition of multiple sentences for violations of several provisions, specifically including subsection (e). In Clark v. United States, 281 F.2d 230 (10th Cir. 1960), the Tenth Circuit expressed the contrary view holding that "the crime of kidnapping to avoid apprehension is separate and distinct from the crime of robbery, and that the two offenses are consequently punishable by the imposition of separate and distinct authorized sentences." 281 F.2d at 233. This District Court followed the *Clark* case.

This Court, in Forrester v. United States, 456 F.2d 905 (5th Cir. 1972), cert. denied, 409 U.S. 856, 93 S.Ct. 136, 34 L.Ed.2d 101, has indicated the adoption of the Seventh and Eighth Circuits' view. Though not a direct holding, *Forrester* is a persuasive enough indication of the law of this Circuit that its lead should be followed. In *Forrester*, the defendant, charged with violations of Sections 2113(a), 2113(d), and 2113(e), was sentenced by the District Court to serve fifty years under Section 2113(e), while his convictions under Sections 2113(a) and 2113(d) were treated as surplusage and no sentences

were imposed for these convictions. On appeal, defendant argued that the District Court's failure to sentence him under Sections 2113(a) and 2113(d) amounted to a constructive acquittal of those counts. The Court stated the basic issue to be whether separate convictions under subsections (a), (d), and (e) of § 2113 are invalid, "as are separate punishments under those sections of the statute." 456 F.2d at 906. The Court held that he could be convicted on each count. It noted that the District Court, in sentencing defendant under Section 2113(e) only, "was merely complying with the plethora of cases prohibiting the pyramiding of sentences for overlapping offenses under 18 U.S. C.A. § 2113." 456 F.2d at 907.

■ In view of *Forrester*, we hold that the District Court erred in imposing separate, albeit concurrent, sentences on each of the separate counts under Section 2113.

■ Having accepted petitioner's argument on the merits of the case, we are confronted by alternative methods of disposition: this Court could either (1) vacate both of petitioner's sentences and then remand the case for resentencing under subsection (e) only, or (2) simply vacate the erroneous sentence under subsection (a) and leave effective the twenty-year sentence under subsection (e). Since subsection (a) is an included offense under subsection (e) thereby prohibiting multiple sentences, defendant could not contend that he should be sentenced under subsection (a) only, the lesser offense.

If we proceeded with the first option, the District Court could again sentence petitioner to twenty years confinement or could decrease the sentence, but the double jeopardy clause would probably bar a longer sentence. *See* Chandler v. United States, 468 F.2d 834 (5th Cir. 1972). It might be argued that Sullivan, by moving to vacate both sentences, has thereby waived any double jeopardy claim. *See* North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 2089, 23 L.

Ed.2d 656 (1969). Since only one of two sentences was sought to be vacated in Chandler v. United States, supra, it may not control the case at bar, and under North Carolina v. Pearce, supra, the District Court might approve a greater sentence under subsection (e) on remand if it could be justified by nonvindictive reasons. But having given concurrent sentences, it seems clearly indicated that the District Court determined that the maximum sentence in this case should be twenty years.

To eliminate the necessity of additional judicial work by the District Court, this Court can vacate the erroneous sentence under subsection (a) and leave undisturbed the twenty-year sentence under subsection (e), the procedure employed in Green v. United States, 365 U. S. 301, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). In *Green*, petitioner was convicted of two counts under Section 2113(a) and of one count under Section 2113(d) and was sentenced to twenty years imprisonment on each subsection (a) count and to twenty-five years on the subsection (d) count. The Supreme Court, after finding that the District Court had not intended to treat the subsection (d) count as a separate offense, vacated the sentences under subsection (a) and left in force the sentence under subsection (d):

> Although petitioner is technically correct that sentences should not have been imposed on both counts, the remedy which he seeks does not follow. This is not a case where sentence was passed on two counts stating alternative means of committing one offense; rather, the third count involved additional characteristics which made the offense an aggravated one—namely, putting persons in jeopardy of life by use of a dangerous weapon. Plainly enough, the intention of the district judge was to impose the maximum sentence of twenty-five years for aggravated bank robbery, and the formal defect in his procedure should not vitiate his considered judgment.

365 U.S. at 306, 81 S.Ct. at 656.

This procedure was subsequently followed in Jones v. United States, 396 F. 2d 66 (8th Cir. 1968). In *Jones,* the appellant was given separate sentences under subsections (a), (b), (d), and (e) of § 2113. The Eighth Circuit held that these subsections constitute a single offense and, finding that the trial judge's intention was to impose the maximum sentence for aggravated bank robbery, vacated the sentences under subsections (a), (b), and (d). Thus, the conviction and sentence under subsection (e) was unaffected by the formal defect in the sentencing procedure.

It is apparent that the better way to handle the case at bar is to follow the Supreme Court in Green v. United States, *supra.* We, therefore, reverse the District Court's refusal to set aside the sixteen-year sentence under subsection (a), and vacate said sentence. We affirm the District Court's refusal to disturb the twenty-year sentence under subsection (e).

Affirmed in part, reversed in part.