Albert GARZA, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 74–1871

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Aug. 23, 1974.

---

* Rule 18, 5th Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Albert Garza, pro se.

William S. Sessions, U. S. Atty., San Antonio, Tex., Ralph E. Harris, Asst. U. S. Atty., El Paso, Tex., for respondent-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

On May 10, 1973, a three-count indictment was returned against Appellant Garza. Count I charged him with enter-ing a federally-insured bank with intent to commit bank robbery in violation of 18 U.S.C. § 2113(a). Count II charged him with committing murder while attempting to avoid apprehension in the commission of the above offense in violation of 18 U.S.C. § 2113(e). Count III charged him with assault with a dangerous weapon during the commission of the above offense in violation of 18 U.S.C. § 2113(a) and (d). Two weeks later, the appellant entered guilty pleas to Counts II and III, and Count I was dismissed. Sentencing was deferred until July 19, 1973, at which time the court imposed a life sentence on Count II, and a twenty-five year sentence on Count III, to run consecutively to the sentence imposed on Count II.

Although the appellant did not take a direct appeal from the conviction, he subsequently filed a motion under 28 U.S.C. § 2255 to vacate judgment and sentence in the district court. The sole contention presented in his motion was that Counts II and III of the indictment to which he pleaded guilty were fatally defective because they failed to set forth the essential elements of each offense. The appellant argued that not only the first count, but all subsequent counts were required to specify that the crimes were committed within the Western District of Texas and to set forth their relationship to the Federal Bank Robbery Act.

■■ As the district court held, the contention is without merit. The first count, setting forth all of the essential elements, is incorporated by reference in the second and third counts. Rule 7(c), F.R.Cr.P., explicitly provides that "[a]llegations made in one count may be incorporated by reference in another count." We therefore affirm the denial of § 2255 relief as to the ground presented in the appellant's motion.

It is apparent on the face of the record, however, that the appellant is entitled to relief on a ground neither presented to the district court or to this Court.

In Sullivan v. United States, 5 Cir. 1973, 485 F.2d 1352, this Court held that 18 U.S.C. § 2113(e) should be treated no differently from the· preceding four subsections of that statute, noting that "[t]his Circuit has consistently held that subsections (a) through (d) of Section 2113 create but a single offense, with various degrees of aggravation permitting sentences of increasing severity." 485 F.2d at 1353. Rather than remand that case for resentencing, this Court in *Sullivan* simply reversed the district court's refusal to vacate a 16-year sentence imposed under subsection (a) and affirmed its refusal to vacate the 25-year sentence imposed under subsection (e). Applying the approach of *Sullivan* to the present case, we think that murder is a sufficient aggravating circumstance to warrant the sentence of life imprisonment the trial court in fact imposed, but that the additional 25-year sentence must be vacated.

Accordingly, the district court's order denying § 2255 relief is affirmed, and the sentence imposed by that court on appellant's conviction under Count III of the indictment is vacated.