**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bobby Gene GADDIS and Billy Sunday Birt, Defendants-Appellants.**

No. 74–2495.

United States Court of Appeals,
Fifth Circuit.

Jan. 9, 1975.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

At 10:30 a.m., March 6, 1974, two armed men entered the National Bank of Walton County in Loganville, Georgia, and ordered everyone to lie on the floor. While one man kept the bank personnel and customers covered, the other jumped over the teller's counter and took $7,501.73 from the cashier's drawers, patting two female tellers on the cheek as he did so. The two then ran outside the bank where a third person waited at the wheel of the getaway car. While making their escape the robbers exchanged gunfire with Loganville's lone police officer, William R. Cody. None of the robbers were immediately apprehended. Several weeks later, however, Mrs. Mary Davis deposited some of the "bait money" in a Toccoa, Georgia bank. F.B.I. Agent Kane visited Ms. Davis' home, and discovered additional bait money in the freezer.

Pursuant to the F.B.I. investigation, the government presented its evidence to the grand jury. That body returned an eight count indictment charging Bobby Gene Gaddis, Billy Sunday Birt, and Billy Wayne Davis, Mary Davis' husband, with various violations of the federal bank robbery statute, 18 U.S.C. § 2113. Billy Wayne Davis pled guilty and testified for the government at the joint trial of Gaddis and Birt. Count three of the indictment charged the three with possession of the money stolen from the National Bank of Walton County in violation of 18 U.S.C. § 2113(c).[1] The other counts of the indictment charged violations of subsections (a), (b), and (d) of the statute.[2]

Tommy C. Mann, Macon, Ga. (Court-appointed), for Gaddis.

Thomas D. Wilcox, Jr., Macon, Ga. (Court-appointed), for Birt.

Ronald T. Knight, U. S. Atty., Earl W. Carson, Jr., Asst. U. S. Atty., Macon, Ga., for plaintiff-appellee.

---

1. "(c) Whoever receives, possesses, conceals, stores, barters, sells, or disposes of, any property or money or other thing of value knowing the same to have been taken from a bank, or a savings and loan association, in violation of subsection (b) of this section shall be subject to the punishment provided by said subsection (b) for the taker."

2. "(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in

The trial judge's charge permitted the jury to convict Gaddis and Birt on all eight counts of the indictment, and the jury's verdict did so. Neither the government nor the defense objected to the charge in that form. Yet we find the charge to have been plain error, and reverse and remand for a new trial.[3]

United States v. Abercrombie, 5th Cir., 480 F.2d 961, cert. denied, 414 U.S. 1008, 94 S.Ct. 368, 38 L.Ed.2d 245 (1973), directly controls our decision here. *Abercrombie* specifically holds that it is plain error to allow a jury to convict an accused of taking and possessing the same money obtained in the same bank robbery. 480 F.2d at 964. The trial judge in the case at bar did precisely that. Subsections '(a), (b), and (d) do not create separate offenses. Rather they describe various stages or aggravated forms of the basic crime of stealing property from a federally-insured institution. Prince v. United States, 1957, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370; United States v. White, 440 F.2d 978 (5th Cir. 1971). This is not true of subsection (c). That subsection states a separate, distinct, and incompatible offense to those covered in the other subsections. Forrester v. United States, 5th Cir. 1972, 456 F.2d 905; United States v. White, *supra*. It relates to possessing or receiving the property stolen in the robbery. In establishing that offense, Congress was attempting to reach a new class of offenders, not to multiply the offense of the bank robbers themselves. Heflin v. United States, 1959, 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407. The jury's verdict below convicted Gaddis and Birt on seven counts relating to taking money from a federally-insured bank and on one count of possessing the same money.

There is no way of knowing what verdict a properly instructed jury would have returned in this case, and for a reviewing court to speculate on that subject would be to usurp the functions of both the jury and the sentencing judge. Milanovich v. United States, 1961, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773. Since the jury's verdict was inherently inconsistent, the proper appellate remedy is to remand for a new trial. United States v. Abercrombie, *supra*; United States v. White, *supra*.

Reversed and remanded.

---

such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."
"(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; or
Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, or any savings and loan association, shall be fined not more than $1,000 or imprisoned not more than one year, or both."
"(d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined not more than $10,000 or imprisoned not more than twenty-five years, or both."
18 U.S.C. § 2113(a), (b), (d).

3. Appellants raise two points in addition to their inconsistent verdict complaint. First, they claim reversible error because of certain remarks that the district attorney made during the course of the trial. We have examined those remarks in the context of the entire record and find no reversible error. In two instances, the trial court gave a curative instruction upon defense objection. In the other instances, we find that the remarks did not constitute plain error. The cumulative effect of the prosecutor's conduct did not deprive the appellants of a fair trial.

Appellants also complain that the trial court erred in failing to require the government to produce FBI interview reports pertaining to two government witnesses. We have examined those reports, and agree with the trial judge that the reports do not fall within the definition of "statement" in 18 U.S.C. § 3500(e). The trial judge properly refused to require the government to produce the material for defense inspection.