UNITED STATES of America,
Plaintiff-Appellee,

v.

Kenneth Errold GRANT,
Defendant-Appellant.

No. 74–3300
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 21, 1975.

---

\* Rule 18, 5th Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

A. Bruce Neuman, South Miami, Fla. (Court-appointed), for defendant-appellant.

Robert W. Rust, U. S. Atty., Kerry J. Nahoom, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, MORGAN and RONEY, Circuit Judges.

PER CURIAM:

Grant was convicted on two out of five counts for conspiracy to commit bank robbery and possession of stolen bank monies. He received a five year sentence on the conspiracy conviction and a nine year sentence for possession of stolen bank monies, said sentences to run concurrently.

Defendant raises four issues on this direct appeal: (1) the district court's limitation of his cross-examination of a witness; (2) the district court's refusal to give a requested jury charge; (3) the district court's allowance of comments on prior criminal conduct of a co-conspirator; and (4) the adequacy of a jury's guilty verdict based on an indictment count charging conspiracy to violate various inconsistent sections of 18 U.S.C.A. § 2113. None of these points warrants reversal.

*Limitation of Cross-Examination*

■ One of the prosecution's witnesses, Deputy Sheriff Wilcox of the Dade County Public Safety Department, was called to testify about the events surrounding the arrest of appellant. On cross-examination, appellant sought to question Wilcox concerning subsequent events which occurred after the arrested individuals had been transported to the police station. Fingerprints found on a dime roll tray and a money wrapper obtained in the bank robbery were a vital element of the prosecution's case. Defense counsel sought to cross-examine Wilcox in order to establish that Grant's prints got on these items when he was made to handle them and pose for photographs with them at the police station. The government objected to the line of questioning as being beyond the scope of the direct examination, and the court sustained the objection.

Although Wilcox was present at both the arrest and the police station, this does not affect the permissibility of the attempted cross-examination. The purposes of the two police activities were dissimilar, and the time span between them was more than sufficient to justify the district court's finding that questions concerning matters at the police station went beyond the scope of direct examination.

*Refusal to Give Requested Charge*

■ Defense counsel attempted to establish that Grant's fingerprints got on various items obtained in the robbery when he was made to handle them at the police station and not beforehand. In accordance with this strategy, he requested that the jury be charged that the probative value of an accused's fingerprints upon a readily movable object is questionable unless it can be shown that such prints could have been impressed only during the commission of the crime. The district judge refused the charge and appellant argues that this constitutes reversible error.

A defendant in a criminal case is entitled to have the trial court instruct the

jury on any theory of defense for which there is some foundation in the evidence. United States v. McCann, 465 F.2d 147 (5th Cir. 1972), cert. denied, 412 U.S. 927, 93 S.Ct. 2747, 37 L.Ed.2d 154 (1973); Perez v. United States, 297 F.2d 12 (5th Cir. 1961). In the instant case, however, the efforts to establish facts to support the fingerprint theory were unsuccessful. There was no foundation in the evidence to support the requested jury instruction.

### Comments on Prior Criminal Conduct of a Co-Conspirator

█ Grant argues that the comments of two prosecution police witnesses as to the prior criminal conduct of his co-conspirator, who was not on trial, "spilled over and tainted" his own character. Both responses at issue related only to the character of appellant's co-conspirator, Dawson, and not to that of appellant. The evidence was not directly introduced but came in descriptive comments of prosecution witnesses. Grant cites no authority and admits he has found none in support of his third point of error. He asks this Court to examine the unique relationship of co-conspirators which "merges the identities of individual co-conspirators into one" and to find that he was prejudiced by these comments about the prior criminal activity of Dawson. On the record in this case, it is unlikely that a jury, after careful and detailed instruction on the theory of conspiracy, would infer bad character on the part of Grant from references to juvenile offenses of Dawson who was not even on trial with appellant. Grant's third contention is without merit.

### Adequacy of the Conspiracy Count

█ Count I of the indictment charged that Grant conspired to commit various offenses in violation of 18 U.S.C.A. §§ 2113(a), (b), (c), and (d). These sections do not create separate offenses, but describe various stages or aggravated forms of the basic crime of stealing property from a federally-insured institution. United States v. Gaddis, 506 F.2d 352 (5th Cir. 1975). Although in the instant case the district court correctly instructed the jury that a person cannot be lawfully convicted of both stealing and receiving the same property, see Milanovich v. United States, 356 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), there was no instruction given concerning the inconsistency of the § 2113 sections within the conspiracy count. Appellant argues that this failure to so instruct the jury caused them to convict defendant of a combination of offenses not cognizable under the law. The charge, however, related to a single conspiracy and it was immaterial whether the alleged objects of the conspiracy constituted multiple offenses or a single offense.

Affirmed.