**UNITED STATES of AMERICA,
Plaintiff-Appellee,**

v.

**Ernest LAIL, Defendant-Appellant.**

**No. 86–5291.**

United States Court of Appeals,
Eleventh Circuit.

April 20, 1987.

* Honorable Luther M. Swygert, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by

Theodore J. Sakowitz, Federal Public Defender, John Mattes, Asst. Federal Public Defender, Miami, Fla., for defendant-appellant.

Leon B. Kellner, U.S. Atty., Karen L. Atkinson, Sonia O'Donnell, Nancy L. Worthington, David Leiwant, Asst. U.S. Attys., Miami, Fla., for plaintiff-appellee.

Before GODBOLD and ANDERSON, Circuit Judges, and SWYGERT,* Senior Circuit Judge.

GODBOLD, Circuit Judge:

Appellant was convicted by a jury in two counts, one of armed bank robbery in violation of 18 U.S.C. § 2113(d) and the other of "forcing another to accompany him without their consent" during the course of the robbery, in violation of 18 U.S.C. § 2113(e). He was sentenced to 20 years on each count, the sentences to run consecutively. We affirm the convictions but remand for resentencing.

Lail argues that multiple sentences on convictions for multiple subsections of § 2113 are improper. It is undisputed by the parties and binding precedent in this circuit that a defendant may be convicted under multiple subsections of § 2113 but may be sentenced on only one. *See, e.g., U.S. v. Bennett,* 547 F.2d 1235 (5th Cir. 1977); *Sullivan v. U.S.,* 485 F.2d 1352 (5th Cir.1973). Appellant urges us to simply vacate one of the sentences and leave the other in effect, as our predecessor court did in *Sullivan.* Unlike the sentences in *Sullivan,* however, Lail's two sentences were imposed consecutively. In that situation the better course is to remand to the district court for resentencing. In an analogous situation this court held that:

> Sentencing on a multi-count conviction is an interrelated and intertwined process because of the statutory provisions for concurrent and consecutive sentences.... Where an entire conviction is

designation.

challenged on direct appeal, double jeopardy and due process are not implicated when all sentences, both proper and improper, are remanded, because of the holistic nature of the trial judge's sentencing decision. Multiple count convictions present the trial judge with the need for a sentencing scheme which takes into consideration the total offense characteristics of a defendant's behavior. When that scheme is disrupted because it has incorporated an illegal sentence, it is appropriate that the entire case be remanded for sentencing.

*U.S. v. Rosen*, 764 F.2d 763, 767 (11th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 806, 88 L.Ed.2d 781 (1986).

Lail's contention that the evidence was insufficient to support his § 2113(e) conviction is without merit. The convictions are AFFIRMED. The sentences are VACATED and the case REMANDED for resentencing.