# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-50043
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
April 1, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Albert Garza,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:73-CR-361-1

---

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Albert Garza filed a pro se motion to reduce the life sentence imposed following his 1973 conviction for killing someone while attempting to rob a bank in El Paso. *See Garza v. United States*, 498 F.2d 1066, 1067 (5th Cir. 1974). While Garza styled his motion as being brought under Federal Rule of Criminal Procedure 35(b), the district court construed it as a motion under

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

18 U.S.C. § 4205(g). The district court denied the motion on the grounds that such a request can only be brought by the Bureau of Prisons (BOP). *See* 18 U.S.C. § 4205(g).

Proceeding pro se, Garza argues that the district court erred in denying his motion and that he should be granted compassionate release under Rule 35(b). However, because Garza committed his crime prior to November 1, 1987, he was required to file his Rule 35(b) motion within 120 days of his sentence being imposed. *See United States v. Watson*, 868 F.2d 157, 159 (5th Cir. 1989); Fed. R. Crim. P. 35 (text following "Rule Applicable to Offenses Committed Prior to Nov. 1, 1987"). The district court did not err by declining to consider Garza's motion under Rule 35(b), filed decades after his sentence was imposed.

As for the court's conclusion Garza was not entitled to file his own § 4205(g) motion, Garza appears to assert that the filing requirement of § 4205 denies him equal protection because the Fair Sentencing Act now permits prisoners who committed their crimes after November 1, 1987, to file motions for compassionate release under 18 U.S.C. § 3582(c), while he has no avenue to do so. We review this argument for plain error. *See United States v. Duhon*, 541 F.3d 391, 396 (5th Cir. 2008).

Garza, however, has not made any showing that the purported disparity was the result of any type of discriminatory intent or purpose. *See Sonnier v. Quarterman*, 476 F.3d 349, 369 (5th Cir. 2007). Accordingly, Garza has not demonstrated any error, let alone a plain one. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Garza also seeks the appointment of counsel. We deny this motion because the interest of justice does not require it. *See* 5th Circuit Plan under the Criminal Justice Act, § 3(B).

Accordingly, the judgment of the district court is AFFIRMED, and Garza's motion for the appointment of counsel is DENIED.